■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON VELEZ, Appellant. [697 NYS2d 3] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 22, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree and assault in the second degree, and sentencing him to concurrent terms of 8¹/₃ to 25 years and 2¹/₃ to 7 years, respectively, unanimously affirmed.

The court properly exercised its discretion when it charged the jury on murder in the second degree, followed by the affirmative defense of extreme emotional disturbance, followed by the defense of justification. We find that the order selected by the court followed a logical pattern and could not have caused defendant any prejudice.

Defendant's general objection failed to preserve his challenges to a detective's testimony concerning ankle holsters (*see, People v Tevaha,* 84 NY2d 879), and we decline to review them

in the interest of justice. Were we to review these claims, we would find that the testimony consisted of personal observations rather than expert opinion testimony and was relevant to issues raised at trial, and that the prosecutor's summation remarks on this subject were fair comment on the evidence.

Defendant's mother's testimony on direct examination opened the door to questions whether she knew her son had been arrested for drug dealing, followed by appropriate limiting instructions (*People v Fardan*, 82 NY2d 638, 645-646). In any event, defendant took the stand and the People elicited similar information, in compliance with a proper *Sandoval* ruling.

The proposed testimony of a defense witness concerning alleged drug-selling activities of the deceased was properly excluded, since there was no indication that the witness had ever communicated his knowledge to defendant (*see*, *People v Miller*, 39 NY2d 543).

We perceive no abuse of sentencing discretion, and conclude that the sentence was not based on any improper criteria. Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.